**LAW OFFICES**
**SHERMAN & HOWARD L.L.C.**
2800 NORTH CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004-1043
TELEPHONE (602) 240-3000
FACSIMILE (602) 240-6600
(AZ BAR FIRM NO. 0046600)
Raymond M. Deeny (AZ Bar No. 005062)
(RDeeny@ShermanHoward.com)
William A. Wright (AZ Bar No. 025839)
(WWright@ShermanHoward.com)
David W. Garbarino (AZ Bar No. 022452)
(DGarbarino@ShermanHoward.com)
Attorneys for Plaintiff

**SYKES & BRANDON**
578 LAKELAND EAST DRIVE, SUITE A
FLOWOOD, MS 39232
TELEPHONE (601) 957-5500
FACSIMILE (408) 701-9827
Stephen A. Brandon (Miss. Bar No. 8655)
(steve@sykesandbrandon.com)
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PEAKSTONE FINANCIAL SERVICES, INC., a Maryland corporation,<br><br>Plaintiff,<br>v.<br><br>MARTIN AND TAMARA FLOSI, husband and wife, ROGER AND RAQUEL LYNN CARSTENS, husband and wife, DAVID S. ROSEN, an individual, TATUM INSURANCE GROUP, LLC, an Arizona limited liability company, PK GROUP, INC., an Arizona corporation, and DRSN HOLDINGS, LLC, an entity purporting to be an Arizona limited liability company,<br><br>Defendants. | No. CV09-2170-PHX-NVW [con.]<br><br>**RESPONSE TO MOTION FOR ORDER APPOINTING SPECIAL MASTER** |

Plaintiff Peakstone Financial Services ("Peakstone"), by its undersigned attorneys, respectfully files this Response opposing Defendants' Motion to Appoint Special Master ("Defendants' Motion").

SPRINGS \ 604596.1 \ 034147.001

### I.      *Introduction.*

Peakstone requests the return of its laptop computer from Defendant Tamara Flosi ("Flosi") in accordance with the Flosi employment agreement ("Agreement"). (Dkt. #69 ¶¶ 81, 92-96, 100-101 (Combined Second Am. Verified Compl.).) Defendants do not dispute that the laptop computer is the property of Peakstone or that Flosi used the laptop during her employment with Peakstone. (Dkt. #82 at 1:17-20 (Mot. For Order Appointing Special Master to Inspect Computer Content and Report to Court).).

The evidence of documents and transmissions contained on the laptop's hard drive is relevant and material to virtually all of Peakstone's claims against the Defendants. Peakstone contends that Defendant Tamara Flosi improperly sent emails to customers, customer prospects, and business vendors (Dkt. #69 ¶¶ 71(15), 187, 223); that she made wrongful use of Peakstone's computer equipment to violate her agreements with Peakstone (*id.* ¶¶ 101, 124, 137, 232); that she wrongfully possessed and accessed confidential data (*id.* ¶ 218); that she sent emails directing Plaintiff's employees to hide her misconduct from Plaintiff (*id.* ¶ 143); and that other Defendants transmitted Peakstone's confidential information to email addresses associated with Defendant Tamara Flosi's competing business entities (*id.* ¶¶ 150, 186).

Peakstone needs to inspect the complete contents of the laptop, including the hard drive, in its entirety in order to ascertain Defendants' misconduct and breaches of agreements as alleged in the Amended Complaint. (*Id.* at 55.)

The parties negotiated a proposed Protective Order, attached hereto as Exhibit 1. The proposed Protective Order provided for the parties to apply appropriate standards for protecting information from general disclosure and to mark appropriate documents as confidential or, in certain circumstances, as "Attorneys Eyes Only." (*See* Ex. 1.) The proposed Protective Order also provided for the parties to seek additional protections for specific documents. (*See id.* ¶20.) The proposed Protective Order therefore made appropriate provision for the confidentiality of any medical records that might appear on

Peakstone's laptop. Despite these negotiated protections, Defendants chose to seek appointment of a special master.

### II. Defendants' Request For A Special Master Fails To Protect Data On The Laptop Hard Drive.

Defendants' Motion requests, "[s]pecifically, the master would review content of the subject laptop and report to the Court whether any medical information pertaining to Tammy Flosi's multiple sclerosis or other ongoing medical issues is relevant and/or whether it can be deleted from the laptop by copying it to a CD to be delivered to Tammy Flosi." (Dkt. #82 1:20-24.)  Peakstone's expert must review the entire undisturbed hard drive from the laptop in order to develop relevant evidence, including: expert testimony on relevant business information; access and timing of access to that relevant information; receipt and timing of receipt of the relevant information; and Flosi's transmission of that relevant information.  (*See* Dkt. #69 ¶¶ 71(15), 81(c), 95-96, 107-08, 178(h), 210-12; Ex. 1 ¶¶ 3-4.)  Defendants' proposal that information be deleted from the laptop creates the possibility of the destruction of relevant evidence. (*See* Decl. Of Loehrs [Ex. 2] ¶¶ 11-13.)

### III. A Special Master Could Not Assess Relevance Of Medical Information.

Defendants' assertion that Peakstone's laptop hard drive contains medically sensitive information is speculative.  (Dkt. #82 1:20-24.)  Neither parties' counsel has definitive knowledge of which, if *any*, medical records or medical information are stored on the Peakstone laptop hard drive.  At least some of the supposed medical information is relevant to the counterclaims in this case, and a special master would not be able to assess the relevance of specific documents without disclosing, at least to the parties' counsel, the nature of the documents and without briefing by the parties.

Defendants assert counterclaims against Peakstone.  (Dkt. #80 ¶¶ 40-74(Answer To Combined Second Am. Comp. And Countercl.).)   The counterclaims specifically claim violations of Title VII and the Americans with Disabilities Act ("ADA").  (*Id.*) Medical information is relevant to these counterclaims. *See Haddon v. Nw. Univ.*, 245

F.R.D. 337, 342-44 (N.D. Ill. 2007) (holding that plaintiff's medical records were relevant and discoverable for defendant to defend against alleged claims of ADA violations and disability discrimination).  A special master would be unable to assess relevance without having the parties brief the issues.  Such briefing is practically impossible unless the parties know the type of medical information on the laptop hard drive.

The parties negotiated the proposed Protective Order offering precisely this kind of review – attorney eyes only, and the opportunity to seek further protection once the parties were aware of the index of information on the hard drive. (Ex. 1 ¶¶ 2-20.)

### IV.    Defendants' Motion Fails To Meet The "Exceptional Circumstances" Standard For Appointment Of A Special Master.

Rule 53 (a)(1)(c) Fed.R.Civ.P. (2010) allows appointment of a special master to, "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."  A district court should appoint a special master only in exceptional circumstances. *Burlington N. v. Dep't of Revenue*, 934 F.2d 1064, 1071 (9th Cir.1991) (ruling that circumstances were not "exceptional" and did not justify reference of case to special master despite claimed public interest in prompt resolution of motion for preliminary injunction).  Such exceptional circumstances may include situations calling for large investments of time and great expense. *Compare Tivoli Realty v. Paramount Pictures*, 10 F.R.D. 201, 203 (D.Del. 1950) (appointing special master appropriate where requiring parties to answer interrogatories would entail 10,000 to 15,000 man hours), *with Wilver v. Fisher,* 387 F.2d 66, 69 (10th Cir. 1967)  (stating "[d]elay on part of defendants and the variety, number, and the complicated nature of the problems, and the issues involved and 'the best interests of justice' did not amount to an exceptional circumstance justifying appointment of a master to supervise answers to interrogatories.").

The review of the laptop contents is not an example of an exceptional circumstance where an appointment of a special master is necessary. *Wilver*, 387 F.2d at

1  69 ("Trial court's appointment of a Special Master to supervise the answers to interrogatories was inappropriate for a shareholders' derivative suit because the Master was given the power to restate the questions and to recommend the answers. The court has control over and responsibility for the discovery procedures authorized by the rules. The order of reference . . . border[ed] on an abdication of judicial function and is not justified by the record.").

Defendants' counsel argues that, because the court transferred this case from Mississippi to Arizona due to Tamara Flosi's inability to travel, her medical records should receive special protection. (Dkt. #82 2:4-6.) An inability to travel also is not an exception to the discovery process under Fed. R. Civ. P. 26(b).

Defendants' Motion requests nothing more than an in camera review of the Peakstone laptop contents by a person other than the judge assigned to this case. (Dkt. #82 3:6-12.) The court often uses in camera inspection for various privilege claims surrounding document disclosure. *See United States v. Zolin,* 491 U.S. 554, 569 (1989) ("Indeed, this Court has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for in camera inspection, and the practice is well established in the federal courts."). Because an in camera review is a common judicial function, the in camera review is not an exceptional circumstance that would warrant an appointment of a special master.

### V.   *Conclusion.*

WHEREFORE, Peakstone respectfully requests the Court deny the Defendant's Motion for the appointment of a Special Master and enter the proposed Protective Order (Ex. 1) calling for the expert to produce an inventory for the attorneys to review and allowing Defendants to seek appropriate protection when the parties know what is on the laptop hard drive.

1  DATED this 3rd day of May, 2010.

**SHERMAN & HOWARD L.L.C.**

By /s/ William A. Wright

   Raymond M. Deeny
   William A. Wright
   David W. Garbarino
   2800 North Central Avenue, Suite 1100
   Phoenix, AZ 85004-1043
   Attorneys for Plaintiff

**SYKES & BRANDON**

By /s/ William A. Wright for Stephen A. Brandon
   Stephen A. Brandon
   Sykes & Brandon
   578 Lakeland E, Ste A
   Flowood, MS 39232
   Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of May 2010, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Loren Molever
Molever Conelly PLLC
8161 E Indian Bend Rd
Ste 103
Scottsdale, AZ 85250
480-268-2655
Fax: 480-240-9370
lm@arizonalegal.com

/s/Mary Ann Meise