Loren Molever, SBN 007709
Chad Conelly, SBN 022394
**MOLEVER CONELLY PLLC**
Indian Bend Corporate Centre
8161 E. Indian Bend Road | Suite 103
Scottsdale, AZ  85250
Phone: 480-268-2655
Fax: 480-240-9370
lm@arizonalegal.com
cc@arizonalegal.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| PEAKSTONE FINANCIAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROGER SETH CARSTENS, et al., <br><br> Defendants. | Case No. CV 09-2170-PHX-NVW (cons.) <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ORDER APPOINTING SPECIAL MASTER** |

Defendants reply in support of their request for a master by urging the Court to grant the motion.  This reply is more fully supported by the accompanying, incorporated memorandum.

## MEMORANDUM

Plaintiff's response misses the point and is overly-zealous in its advocacy. Plaintiff's response presumes that Defendants wish to prevent Plaintiff from having access to relevant information.  Such is not the case.  Rather, Defendants seek only to prevent Plaintiff from access to purely private and irrelevant medical information that exists on the computer she had used while employed by Plaintiff.  The return of the laptop itself is a non-issue.

Defendants do recognize that certain of Tammy Flosi's medical records may be relevant given the discrimination issues in this case, even though neither the fact of Tammy Flosi's multiple sclerosis—the medical condition that gives rise to a portion of the

discrimination issues in this case—or its severity, has never been disputed. Defendants' point, however, is that not *all* of Tammy Flosi's medical information on the computer is relevant to the issues in the litigation. The issues in the litigation concerning Tammy Flosi's medical condition arise out of Plaintiff's treatment of the Flosi family, including retaliation, given Tammy Flosi's EEOC discrimination claims arising both out of her disability and out of sexual harassment. Accordingly, the details of Tammy Flosi's medical condition, including medical discussions concerning specific treatment or prognosis, are not relevant and, in fact, because of the private, intimate, nature of some of the medical information, there is no legitimate reason for such information to be disclosed to anyone, whether Plaintiff or its counsel. This is especially true given Plaintiff's prior, improper, dissemination of Tammy Flosi's medical information—a fact which Plaintiff did not dispute in its response to the pending motion.

Defendants have pointed out that they had been in the process of attempting to negotiate a protective order with Plaintiff. However, given Plaintiff's previous dissemination to employees and others of private, confidential medical information pertaining to Tammy Flosi, she feels it necessary for her intimate medical information to be protected. Because it is only the private, intimate medical information that is the subject of Defendants' motion, there can be no prejudice to the Plaintiff by not seeing such information. From Plaintiff's perspective, the worst-case scenario, with regard to this issue, is that there could be a dispute as to whether any particular information should be unilaterally deleted by Defendants. But, here, the master would report to the Court and between the master and the Court, such decisions would be made, even if then requiring further discussion among the Court and counsel in a hearing or conference.

It appears that Plaintiff concedes the viability of intervention, suggesting that these issues be addressed by an *in-camera* inspection by the Court. With such a proposition, Defendants have no quarrel and would welcome such an inspection. Defendants' motion to appoint a master was an effort to avoid the expenditure by this Court of its time to the

MOLEVER CONELLY PLLC
Indian Bend Corporate Centre
8161 E. Indian Bend Road | Suite 103
Scottsdale, Arizona 85250

extent possible.   Accordingly, if Plaintiff's response is considered by this Court to be a stipulation to an *in-camera* inspection, the Defendants so stipulate.

For purposes of clarification, despite that, in its response, Plaintiff urges that Defendants seek special attention with respect to these medical records because of the transfer of this case from Mississippi to Arizona, such is inaccurate.   Indeed, Defendants do not even understand that position.   Defendants' point was that the medical records were relevant for the transfer determination, but not necessarily relevant as to the underlying allegations in the counterclaim, much less with respect to Plaintiff's complaint.

The authority upon which Plaintiff relies in its response is inapposite.   Rule 53 contemplates that the master will assist the Court with specific tasks and exercise necessary power.   "A district court has discretion in appointing a special master, and may decide the extent of his duties."   *Johnson Controls,* 886 F.2d at 1176.

In *Burlington N. v. Dept. of Revenue*, 934 F2d 1064, 1072, (9th Cir. 1991), cited by Plaintiff, the appointment of a master was rejected by the Court of Appeals.   But, there, the rejection was because the master was given "all powers and privileges normally exercised by a United States District Court Judge, in presiding over litigation ... including, but not limited to, those specified in Rule 53(c) and (d), Fed.R.Civ.P."   The master's orders were to be final unless appealed to the district court within 15 days of their entry.   When the master's duties usurp the Court's, the reference is overly broad.   Here, nothing of the sort is requested.

Similarly, in *Wilver v. Fisher,* 387 F.2d 66, 69 (10th Cir. 1967), the master's duties in connection with interrogatories was too broad, because he could restate the questions and recommend answers.   Defendants, here, seek no such authority.

Given the foregoing, Defendants urge the Court to either appoint a master to recommend in a report that information which is private and intimate and not relevant and for the Court to then allow Tammy Flosi to withhold from Plaintiff that information, or for the Court to review the laptop in camera and make this determination on its own, if it thinks a master is unnecessary.

**MOLEVER CONELLY** PLLC
Indian Bend Corporate Centre
8161 E. Indian Bend Road | Suite 103
Scottsdale, Arizona 85250

1    RESPECTFULLY SUBMITTED this 10th day of May 2010.

2                                **MOLEVER CONELLY PLLC**

3

4    _____*/s/ Loren Molever*_____
     Loren Molever
5    8161 E. Indian Bend Road, Ste. 103
     Scottsdale, Arizona 85250
6    Telephone:  480-268-2655
     Attorneys for Defendants
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOLEVER CONELLY PLLC**
Indian Bend Corporate Centre
8161 E. Indian Bend Road | Suite 103
Scottsdale, Arizona 85250

## CERTIFICATE OF SERVICE

I certify that on the 10th day of May 2010, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Raymond M. Deeny
William A. Wright
David W. Garbarino
Sherman & Howard LLC
2800 N. Central Ave., Ste. 1100
Phoenix, Arizona 85004

Stephen A. Brandon
Sykes & Brandon
578 Lakewood East Drive, Ste. A
Flowood, Mississippi 39232

        /s/ Barrie Peagler

MOLEVER CONELLY PLLC
Indian Bend Corporate Centre
8161 E. Indian Bend Road | Suite 103
Scottsdale, Arizona 85250