**LAW OFFICES**
**SHERMAN & HOWARD L.L.C.**
2800 NORTH CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004-1043
TELEPHONE (602) 240-3000
FACSIMILE (602) 240-6600
(AZ BAR FIRM NO. 0046600)
Raymond M. Deeny (AZ Bar No. 005062)
(RDeeny@ShermanHoward.com)
William A. Wright (AZ Bar No. 025839)
(WWright@ShermanHoward.com)
David W. Garbarino (AZ Bar No. 022452)
(DGarbarino@ShermanHoward.com)
Attorneys for Plaintiff

**SYKES & BRANDON**
578 LAKELAND EAST DRIVE, SUITE A
FLOWOOD, MISSISSIPPI 39232
TELEPHONE (601) 957-5500
FACSIMILE (408) 701-9827
Stephen A. Brandon (Miss. Bar No. 8655)
(steve@sykesandbrandon.com)
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PEAKSTONE FINANCIAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROGER CARSTENS, et al., <br><br> Defendants. | No. CV09-2170-PHX-NVW [con.] <br><br> **PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS** |

Plaintiff, Peakstone Financial Services, Inc., formerly known as U-SAVE Financial Services, Inc. and presently doing business as Sonoran National Insurance Group, by and through its undersigned counsel, hereby answers Defendants/Counterclaimants Tamara Flosi, Martin Flosi, and Roger Carstens, ("Defendants") Counterclaims, as follows:

### RESPONSE TO COUNTERCLAIM

1. Plaintiff admits that this Court has jurisdiction over matters properly presented to it for adjudication under 28 U.S.C. § 1332; that Defendant contends that the amount in controversy contemplated by the Counterclaim exceeds $75,000; and that

608112.3\034147.001

Defendants' Counterclaim alleges matters between persons of different states. Plaintiff denies that it has violated any law and denies that it is liable for any damages to Defendants/Counterclaimants.

2. Plaintiff admits that Counterclaimants were residents of Maricopa County, Arizona. Plaintiff lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 2 of the Counterclaim and therefore denies those allegations.

3. Plaintiff admits that some or all of the "acts and events" described in Defendants' Counterclaim are purported to have occurred in Maricopa County, Arizona. Plaintiff denies that it has violated any law and denies that it is liable for any damages to Defendants/Counterclaimants.

## RESPONSE TO GENERAL ALLEGATIONS

4. Plaintiff admits, upon information and belief, that Defendants Tamara and/or Martin Flosi once had ownership interests in Sonoran National Insurance Group ("SNIG"). Plaintiff admits that Peakstone Financial Services, Inc. d/b/a Sonoran National Insurance Group is licensed in every state to sell the lines of insurance identified in the fourth paragraph of Defendants' Counterclaim. Plaintiff denies each and every remaining allegation in the fourth paragraph of Defendants' Counterclaim.

5. Plaintiff admits, upon information and belief, that the SNIG assets had been previously owned and managed by Defendants Tamara and/or Martin Flosi and/or others and were purchased by The Horton Group. Plaintiff states, upon information and belief, that Defendants and/or others, purporting to be DRSN Holdings, LLC ("DRSN"), subsequently acquired the SNIG assets from The Horton Group, and that U-SAVE Financial Services, Inc., in turn, purchased the SNIG assets from DRSN. Plaintiff denies each and every remaining allegation in the fifth paragraph of Defendants' Counterclaim.

6. Admitted.

7. Plaintiff admits that Defendants Tamara and Martin Flosi agreed to

operate the U-SAVE Financial Services, Inc. (now known as Peakstone Financial Services, Inc.) offices located in Arizona as employees of U-SAVE Financial Services, Inc. d/b/a Sonoran National Insurance Group. Plaintiff denies each and every remaining allegation in the seventh paragraph of Defendants' Counterclaim.

8. Plaintiff admits that Defendants Tamara and/or Martin Flosi inquired into the benefits available to them as U-SAVE employees prior to the commencement of their employment. Plaintiff denies each and every remaining allegation in the eighth paragraph of Defendants' Counterclaim.

9. Plaintiff denies the allegations in the ninth paragraph of Defendants' Counterclaim.

10. Plaintiff admits that it employed Defendant Martin Flosi pursuant to an employment agreement which was negotiated and executed at or near the time of Peakstone's purchase of the SNIG assets, and that Martin Flosi was employed to serve as Vice President of Peakstone Financial Services, Inc. Plaintiff denies each and every remaining allegation in the tenth paragraph of Defendants' Counterclaim.

11. Plaintiff admits that it employed Defendant Tamara Flosi pursuant to an agreement which was negotiated and executed at or near the time of Peakstone's purchase of the SNIG assets, and that Defendant Tamara Flosi was employed to serve as President of Peakstone Financial Services, Inc. Plaintiff denies each and every remaining allegation in the eleventh paragraph of Defendants' Counterclaim.

12. Plaintiff admits that Carstens was employed by U-SAVE Auto Rental of America, Inc. (USAR), which owns Plaintiff, as Peakstone's Information Technology/Program Manager. Plaintiff lacks sufficient information to form a belief as to the truth of the allegation concerning Carstens' prior employment and therefore denies that allegation. Plaintiff denies each and every remaining allegation in the twelfth paragraph of Defendants' Counterclaim.

13. Plaintiff admits that Defendant Tamara Flosi claimed to have been

diagnosed with multiple sclerosis prior to Peakstone's purchase of the SNIG assets. Plaintiff denies each and every remaining allegation in the thirteenth paragraph of Defendants' Counterclaim.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Plaintiff admits that Defendants Tamara and Martin Flosi complained to Plaintiff's management about the company's Chief Operating Officer, Bob Barton ("Barton"). Plaintiff denies any and all of Defendants' allegations of misconduct against Barton. Plaintiff denies each and every remaining allegation in the eighteenth paragraph of Defendants' Counterclaim.

19. Plaintiff admits that Defendants Tamara and Martin Flosi complained to Plaintiff's management about Barton. Plaintiff denies any and all of Defendants' allegations of misconduct against Barton. Plaintiff denies each and every remaining allegation in the nineteenth paragraph of Defendants' Counterclaim.

20. Denied.

21. Denied.

22. Denied.

23. Plaintiff admits that Defendants Tamara and Martin Flosi complained to Plaintiff's management about Barton. Plaintiff denies each and every remaining allegation in the twenty-third paragraph of Defendants' Counterclaim.

24. Admitted.

25. Admitted.

26. Plaintiff admits that it investigated Defendants Tamara and Martin Flosi's claims that Barton subjected them to treatment that was contrary to Plaintiff's policies. Plaintiff admits that as a result of its investigation it determined that Barton did not

608112.3\034147.001                                              4

subject Defendant and Martin Flosi to treatment that was contrary to Plaintiff's policies. Plaintiff denies each and every remaining allegation in the twenty-sixth paragraph of Defendants' Counterclaim.

27. Denied.

28. Plaintiff admits that it did not increase Martin Flosi's compensation in 2008. Plaintiff denies each and every remaining allegation in the twenty-eighth paragraph of Defendants' Counterclaim.

29. Plaintiff admits that Defendant Tamara Flosi filed a charge of discrimination against the Company with the EEOC. Plaintiff admits that a copy of Defendant Tamara Flosi's charge of discrimination was provided to it. Plaintiff is without knowledge or information sufficient to form a belief as to the date upon which Defendant Tamara Flosi filed her charge of discrimination with the EEOC. Plaintiff denies each and every remaining allegation in the twenty-ninth paragraph of Defendants' Counterclaim.

30. Denied.

31. Denied.

32. Plaintiff admits that Defendant Roger Carstens ("Carstens") indicated that he believed that he was entitled to receive commissions in relation to "house accounts," but Plaintiff denies that he was due to receive same. Plaintiff denies each and every remaining allegation in the thirty-second paragraph of Defendants' Counterclaim.

33. Plaintiff admits that Teresa Quale reasonably instructed Carstens to pay attention during a meeting. Plaintiff denies each and every remaining allegation in the thirty-third paragraph of Defendants' Counterclaim.

34. Plaintiff admits that Teresa Quale exercised her discretion, acting in her capacity as Plaintiff's Executive Director, to re-assign covered parking spaces to upper level managers and that Carstens no longer was assigned a covered parking space. Plaintiff denies each and every remaining allegation in the thirty-fourth paragraph of

Defendants' Counterclaim.

35. Plaintiff admits that Martin Flosi filed a charge of discrimination with the EEOC. Plaintiff denies each and every remaining allegation in the thirty-fifth paragraph of Defendants' Counterclaim.

36. Admitted.

37. Plaintiff admits that it laid off certain employees on November 17, 2008, including an employee working in Plaintiff's Scottsdale offices. Plaintiff denies each and every remaining allegation in the thirty-seventh paragraph of Defendants' Counterclaim.

38. Plaintiff admits that on November 17, 2008 it received a copy of an EEOC charge of discrimination filed by Martin Flosi against the company. Plaintiff denies each and every remaining allegation in the thirty-eighth paragraph of Defendants' Counterclaim.

39. Plaintiff admits that it terminated the employment of Martin Flosi and Carstens on November 17, 2008. Plaintiff admits that it made the decision to terminate the employment of Martin Flosi and Carstens on the morning of November 17, 2008, and that it received a copy of an EEOC charge of discrimination filed by Martin Flosi against the company several hours after it had made the decision to terminate the employment of Martin Flosi and Carstens. Plaintiff denies each and every remaining allegation in the thirty-ninth paragraph of Defendants' Counterclaim.

**RESPONSE TO FIRST CLAIM FOR RELIEF**
**(Breach of DRSN Purchase Agreement)**

40. Responding to the allegations contained within paragraph 40 of Defendants' Counterclaim, Plaintiff re-alleges and incorporates paragraphs 1 through 39 of this Answer, as if set forth in their entirety herein.

41. Plaintiff lacks sufficient information to form a belief as to the truth of the allegations in the forty-first paragraph of Defendants' Counterclaim and therefore denies those allegations.

42. Denied.

43. Plaintiff admits that it was obligated to make payments to DRSN pursuant to the terms and conditions of the Asset Purchase Agreement. Plaintiff states that the terms and conditions of the Asset Purchase Agreement speak for themselves. Plaintiff denies that it owes any monies whatsoever to DRSN, to Defendants Tamara and/or Martin Flosi, or to any combination thereof. Plaintiff denies each and every remaining allegation in the forty-third paragraph of Defendants' Counterclaim.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

### RESPONSE TO SECOND CLAIM FOR RELIEF UNDER COUNTERCLAIM
**(Breach of Tamara Flosi's Employment Agreement)**

50. Responding to the allegations contained within paragraph 50 of Defendants' Counterclaim, Plaintiff re-alleges and incorporates paragraphs 1 through 49 of this Answer, as if set forth in their entirety herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

### RESPONSE TO THIRD CLAIM FOR RELIEF
**(Breach of Martin Flosi's Employment Agreement)**

56. Responding to the allegations contained within paragraph 56 of Defendants' Counterclaim, Plaintiff re-alleges and incorporates paragraphs 1 through 55 of this Answer, as if set forth in their entirety herein.

57. Denied.

58. Denied.

59. Denied.

## RESPONSE TO FOURTH CLAIM FOR RELIEF
### (Retaliation Against Martin Flosi)

60. Responding to the allegations contained within paragraph 60 of Defendants' Counterclaim, Plaintiff re-alleges and incorporates paragraphs 1 through 59 of this Answer, as if set forth in their entirety herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## RESPONSE TO FIFTH CLAIM FOR RELIEF
### (Retaliation Against Roger Seth Carstens)

67. Responding to the allegations contained within paragraph 67 of Defendants' Counterclaim, Plaintiff re-alleges and incorporates paragraphs 1 through 66 of this Answer, as if set forth in their entirety herein.

68. Admitted.

69. Denied.

70. Denied.

71. Plaintiff admits that it terminated Carstens' employment November 17, 2008 and that it received on November 17, 2008 a copy of an EEOC charge of discrimination filed by Martin Flosi against the company. Plaintiff denies each and every remaining allegation in the seventy-first paragraph of Defendants' Counterclaim.

72. Denied.

73. Denied.

608112.3\034147.001

8

74.   Denied.

## GENERAL MATTERS

75.   Plaintiff denies that Defendants are entitled to any damages or other relief sought against Plaintiff.

76.   Any allegations set forth in Defendants' Counterclaim which are not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

## SEPARATE DEFENSES

1.   One or more of the claims asserted by Defendants are barred and are due to be dismissed because of the Defendant's or Defendants' failure to state a claim upon which relief may be granted.

2.   One or more of the claims asserted by Defendants are barred by the applicable statute of limitations and/or filing deadlines, or are otherwise time-barred.

3.   Defendants' claims are barred, in whole or in part, by Defendant's failure to mitigate their damages.

4.   Any award of monetary relief to Defendants should be reduced, in whole or in part, by their mitigation of, or failure to reasonably mitigate their damages.

5.   Defendants' claims are barred, in whole or in part, by the unclean hands doctrine and/or due to Defendants' own misconduct.

6.   One or more of the claims asserted by Defendants in their Counterclaim are barred, in whole or in part, by the after acquired evidence doctrine.

7.   Some or all of Defendants' claims are barred by the doctrine of laches.

8.   Defendants' claims are barred, in whole or in part, by the doctrine of res judicata. The Counterclaim arises from the same facts and circumstances as the original claims brought by the individual Defendants in case No. 09-774-PHX-MHM. Those claims were dismissed "with prejudice" on December 15, 2009.

9.   Plaintiff has in place reasonable measures to prevent and correct discrimination and harassment and Defendants failed to take advantage of these

1 measures in a reasonable fashion.

2 10. Plaintiff acted at all times in good faith, based on legitimate non-retaliatory and non-discriminatory business reasons, and not with malice or with reckless indifference to Defendants' federally protected rights.

11. Statutory claims by Defendant Martin Flosi and Defendant Seth Carstens are barred to the extent those claims exceed the scope of the charges of discrimination the Defendants filed.

12. One or more of Defendants' claims are barred by their failure to satisfy the terms of the contracts with Plaintiff.

13. Plaintiff has taken reasonable steps to prevent, stop, and remedy any discrimination or harassment of which it know or reasonably should have known.

Plaintiff reserves the right to add additional affirmative defenses, allegations and/or denials consistent with Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff requests that each and every count of Defendants' Counterclaim be denied in its entirety, that Defendants take nothing, and that Plaintiff be awarded its costs and attorneys' fees pursuant to any and all statutes and rules which would allow Plaintiff to recover attorneys' fees, costs, or other relief.

**DATED** this 21st day of May, 2010.

      **SHERMAN & HOWARD L.L.C.**

      By /s/ William A. Wright
         Raymond M. Deeny
         William A. Wright
         David W. Garbarino
         2800 North Central Avenue, Suite 1100
         Phoenix, Arizona 85004-1043
         Attorneys for Plaintiff

      **SYKES & BRANDON**
         Stephen A. Brandon
         Sykes & Brandon
         578 Lakeland E, Suite A
         Flowood, Mississippi 39232
         Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2010, the foregoing was transmitted to the following CM/ECF registrant via U.S. Mail:

Loren Molever, Esq.
MOLEVER CONELLY, P.L.L.C.
8161 East Indian Bend Road, Suite 103
Scottsdale, Arizona  85250
480-268-2655
Fax: 480-240-9370
lm@arizonalegal.com

By /s/ Lisa Allen